No. 16-3068

IN THE

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
*Appellee,*

v.

DARIAN TENSLEY,
*Appellant.*

On Appeal from the Judgment entered in the United States District Court, Middle District of Pennsylvania, on June 15, 2016, at No. 3:15-CR-0108 (Munley, J.)

## BRIEF FOR APPELLANT

JAMES V. WADE, ESQ.
Federal Public Defender

RONALD A. KRAUSS, ESQ.
Asst. Federal Public Defender-Appeals
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-2237
*Attorneys for Appellant,
Darian Tensley*

## TABLE OF CONTENTS

Table of Authorities ................................................................................. iii

Statement of Jurisdiction ........................................................................... 1

Statement of the Issue and Standard of Review ................................... 2

Statement of Related Cases and Proceedings ....................................... 3

Statement of the Case ................................................................................ 4
    A.    Relevant Facts ................................................................................ 4
    B.    Procedural History ........................................................................ 6
    C.    Ruling Presented for Review ....................................................... 7

Summary of the Argument ....................................................................... 8

Argument .................................................................................................... 9

I. The District Court clearly erred when it overruled Tensley's objection to including an enhancement for bodily injury in calculating Tensley's Guidelines sentencing range ...................... 9

Conclusion ............................................................................................... 13

Certification of Bar Membership, Word Count, Identical Text, Virus Check, and.

Certificate of Service.

# Appendix

## Volume 1

1. Notice of Appeal
   July 6, 2016 ...................................................................................................1

2. *Pro Se* Notice of Appeal
   (by incarcerated Appellant in letter mailed to counsel)
   June 22, 2016 (received by counsel July 5, 2016) ......................................3

3. Judgment in a Criminal Case, No. 3:15-CR-0108 (M.D. Pa.)(Munley, J.)
   June 15, 2016 ................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*United States v. Mejia-Canales,*
    467 F.3d 1280 (10th Cir. 2006) ........................................ 10, 11, 12

*United States v. Richards,*
    674 F.3d 215 (3d Cir. 2012) ...................................................... 2, 9

*United States v. Zuniga,*
    720 F.3d 587 (5th Cir. 2013) ....................................................... 11

**Statutes & Sentencing Guidelines**

18 U.S.C. § 111(a) ................................................................... 6, 7

18 U.S.C. § 111(b) ...................................................................... 6

18 U.S.C. § 3231 ......................................................................... 1

18 U.S.C. § 3742(a) .................................................................... 1

28 U.S.C. § 1291 ......................................................................... 1

U.S.S.G. § 1B1.1, cmt. n.1(B) ............................................... 9-10

U.S.S.G. § 2A2.4(b)(1)(A) .............................................. 6, 9, 12

U.S.S.G. § 2A2.4(b)(2) ..................................................... 5, 9, 12

# STATEMENT OF JURISDICTION

**A. Subject Matter Jurisdiction.**

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231.

**B. Appellate Jurisdiction.**

The United States District Court for the Middle District of Pennsylvania, Munley, J., entered Judgment of Conviction on June 15, 2016 (*See* App. 4-10.)

Appellant Tensley mailed from prison a handwritten letter to counsel, dated June 22, 2016, requesting that counsel file a notice of appeal from the June 15, 2016 Judgment.[1] Counsel received Tensley's letter on July 5, 2016 (*see* App. 3), and then counsel filed a formal notice of appeal on July 6, 2016. (*See* App. 1.)

This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

[1] The envelope for Tensley's June 22, 2016 letter to counsel, which would presumably show a dated postmark, cannot be located in counsel's office.

## STATEMENT OF THE ISSUE AND STANDARDS OF REVIEW

**A. Issue.**

Whether the District Court clearly erred when it overruled Tensley's objection to including an enhancement for bodily injury in calculating Tensley's Guidelines sentencing range.

**B. Standard of Review.**

This Court reviews a district court's ruling on a sentence enhancement that requires a predominantly factual inquiry for clear error. *See United States v. Richards* (3d Cir. 2012).[2]

---

[2] 674 F.3d 215, 221-22.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Appellant's counsel is unaware of any other case or proceeding that is in anyway related, completed, pending, or about to be presented before this Court or any other court or agency, state or federal.

## STATEMENT OF THE CASE

**A. Relevant Facts.**

This case arises out of incident that took place in August 2013 at the Schuylkill Federal Correctional Institution, where Tensley had been serving a sentence for a drug offense. Tensley was exiting the "chow hall area" after breakfast when Corrections Officer James Siedel approached him to conduct a random pat-down search. While Siedel was searching Tensley from behind, his hands patted down Tensley's "lower torso"/upper right leg, causing Tensley to spin around, as a result of which Siedel's hands were knocked away. (*See* App. 37, 51.) In response, Siedel pushed Tensley up against a wall to apply hand restraints. (*See* App. 51.) Tensley reacted by punching Siedel's face once with his fist. (*See* App 29, 37, 51, 57, 58.) Other officers threw Tensley to the floor, placed him in hand restraints, and then escorted him to the Special Handling Unit. (*See* App. 51, 58.)

Officer Siedel testified that these injuries were painful, and that he initially went to an on-site hospital area where he was observed, to have contusions to the inside of his upper and lower lips, a small

laceration to his left elbow (not caused by Tensley's punch, *see* App. 43), and a contusion to the base of his left ring finger. (*See* App. 38-39, 51, 57, 58.) Afterwards, he went to the local hospital, where he was examined, but received no treatment or medication whatsoever. (*See* App 39.) He was told to take over-the-counter pain medications, and that he might have a headache for three days. (*See* App. 39-40.) He did not go back to any medical facility or professional for any follow up treatment. (*See* App. 41.)

Before the June 2016 Guilty Plea/Sentencing Hearing, the Probation Office's Presentence Investigation Report ("PSR", submitted under seal) calculated Tensley's Guidelines as Total Offense Level 13 and Criminal History Category VI, yielding a Guidelines sentencing range of 33 to 41 months. (*See* PSR §§ 11-76, 90.) In his Sentencing Memorandum, Tensley lodged one objection to the PSR's calculation: application of a two-level enhancement for causing bodily injury, under U.S.S.G. § 2A2.4(b)(2). (*See* App. 12, *Dkt. No. 42*.) Without this enhancement, the Guidelines calculation would be Total Offense Level 11 and Criminal History VI, which would yield a Guidelines sentencing range of 27 to 33 months.

5

At the Hearing, Tensley reiterated his objection to the bodily injury enhancement, arguing that the injuries were not sufficiently serious to merit application of the two-level enhancement, particularly when the Guidelines calculation already included, under U.S.S.G. § 2A2.4(b)(1)(A), a three-level enhancement for physical contact, which Tensley was not contesting.

The District Court overruled Tensley's objection and accepted the PSR's Guidelines calculation. (*See* App. 46.)

This appeal followed.

**B. Procedural History.**

A federal Grand Jury issued a one-count Indictment against Defendant/Appellant Darian Tensley on June 6, 2015, charging him with violating 18 U.S.C. §§ 111(a) & (b)("that he did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with J.S., a corrections officer employed by the United States Bureau of Prisons while he was engaged in the performance of his official duties, with such acts of the Defendant involving physical contact and bodily injury to the corrections officer victim.") (App. 15-16.)

Tensley pleaded guilty before District Court Judge Munley to violating 18 U.S.C. § 111(a)(1) on June 15, 2016 (*see* App. 17-35), and on the same day was sentenced to a prison term of 33 months. (*See* App. 5, 35-55.)

### C. Ruling Presented for Review.

Before sentencing, and during the June 15, 2016 Sentencing Hearing, Tensley objected to the PSR's recommended two-level enhancement for bodily injury on the grounds that there was insufficient evidence to prove "bodily injury" under the Guidelines. (*See* App. 35, 44-45.)

The District Court overruled the objection, and imposed a Guidelines sentence of 33 months. (*See* App. 46, 53.)

## SUMMARY OF THE ARGUMENT

The District Court clearly erred when it overruled Tensley's objection to including an enhancement for bodily injury in calculating Tensley's Guidelines sentencing range. Tensely did not challenge a three-level enhancement for physical contact, admitting that he did punch Corrections Officer Siedel in the face. But the injury suffered as a result of the punch was not sufficiently serious to merit an additional two-level enhancement for bodily injury, adding at least six months to his sentence.

This Court should vacate the judgment and remand for resentencing to re-calculate the Guidelines sentencing range without application of the two-level bodily injury enhancement.

# ARGUMENT

I. **The District Court clearly erred when it overruled Tensley's objection to including an enhancement for bodily injury in calculating Tensley's Guidelines sentencing range.**

**Standard of Review**:

This Court reviews a district court's ruling on a sentence enhancement that requires a predominantly factual inquiry for clear error. *See United States v. Richards* (3d Cir. 2012).[3]

This Court should remand for resentencing because the District Court clearly erred when it overruled Tensley's objection to the Guidelines calculation, which included a two-level increase for bodily injury under U.S.S.G. § 2A2.4(b)(2). The correctional officer's injury was insufficiently serious to merit the enhancement, particularly when Tensley's physical contact with the corrections officer was already accounted for in the three-level enhancement for physical contact, under U.S.S.G. § 2A2.4(b)(1)(A). (*See* PSR ¶ 15).

The Guidelines define "bodily injury" as "any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1,

---

[3] 674 F.3d 215, 221-22.

cmt. n.1(B). The injury here was simply not "significant". As a result of Tensley's punch, Corrections Officer Seidel suffered minor contusions—to his upper and lower lips, and the base of his left finger (*see* App. 51)—that did not require any treatment, medication, or any other "medical attention" whatsoever. (*See* App. 39.)

Courts have held that for an injury to be "significant", a bodily injury "need not interfere completely with the injured person's life but cannot be wholly trivial and, while it need not last for months or years, must last for some meaningful period." *United States v. Mejia-Canales* (10th Cir. 2006).[4] In *Mejia-Canales*, the defendant was a federal inmate who ignored orders to stop walking away from officers. When stopped, Mejia-Canales "turned and struck the officer twice with his fist, once on the mouth and once on the forehead." *Id.*[5] The injuries from the two punches were "a small laceration on the inside of his mouth and a red mark on his forehead... per jail policy, [the officer] reported to the infirmary, where he was provided ibuprofen for his forehead and an oral gel for the cut in his mouth."

---

[4] 467 F.3d 1280, 1282.

[5] 467 F.3d at 1281.

*Id*. The defense objected to the enhancement for bodily injury but the district court denied the objection.

On appeal, the Tenth Circuit vacated the judgment, agreeing with Mejia-Canales, ruling that "the evidence was insufficient to support the enhancement." *Id*.[6] The Court observed that in every reported case where the bodily injury enhancement was challenged and upheld, the injuries the injuries were either more severe, were painful and lasting, or were injuries for which medical treatment would ordinarily be sought. *Id*.(collecting cases).

In evaluating a district court's application of the bodily injury enhancement, "the focus of the inquiry is not on the actions of the defendant, but rather on the injury sustained by the victim." *United States v. Zuniga* (5th Cir. 2013)[7]. Here, the sparse record does not support the enhancement any more than the record in *Mejia-Canales*: no medical records establish that the corrections officer received any medical treatment whatsoever, and he was not even given the pain reliever and oral gel that the officer received in *Mejia-*

---

[6] 467 F.3d at 1282.

[7] 720 F.3d 587, 595.

*Canales*. Other than unsubstantiated self-serving testimony of purported headaches, the record is devoid of evidence that the officer's injury lasted "for some meaningful period" and was nothing other than trivial.

Significantly, by challenging the Guidelines calculation because it includes the two-level enhancement under § 2A2.4(b)(2), Tensley is not seeking to avoid any consequences for his actions. Having admitted that he punched the corrections officer in response to the patting down of his "lower torso", Tensley is not challenging the three-level enhancement for physical contact under § 2A2.4(b)(1)(A). But the two-level bodily injury enhancement—unnecessarily adding some six months to his sentence—is excessive.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Appellant Darian Tensley respectfully requests that this Court should vacate the judgment and remand for resentencing to re-calculate the Guidelines sentencing range without application of the two-level bodily injury enhancement.

                        Respectfully submitted,

                        JAMES V. WADE, ESQ.
                        Federal Public Defender

                        */s/ Ronald A. Krauss*
                        RONALD A. KRAUSS, ESQ.
                        Asst. Federal Public Defender-Appeals
                        (Attorney ID No. 47938)
                        100 Chestnut Street, Suite 306
                        Harrisburg, PA  17101
                        *Ronald_krauss@fd.org*
                        *Attorneys for Appellant,*
                        *Darian Tensley*

Date:  October 31, 2016

## CERTIFICATION OF BAR MEMBERSHIP, WORD COUNT, IDENTICAL TEXT, AND VIRUS CHECK.

I, Ronald A. Krauss, Esquire, Assistant Federal Public Defender, certify that:

1) I am a member in good standing of the bar of this Court;

3) This Brief of Appellant contains 2259 words;

2) The text of the electronic format of the Brief of Appellant is identical to the hard copy format;

3) A virus check was performed on the Brief of Appellant, using Symantec Endpoint Protection, last update was October 30, 2016, and no virus was detected.

I make this combined certification under penalty of perjury, pursuant to 28 U.S.C. § 1746.

/s/ *Ronald A. Krauss*
RONALD A. KRAUSS, ESQ.

Date: October 31, 2016

# CERTIFICATE OF SERVICE

I, Ronald A. Krauss, Esq., Assistant Federal Public Defender, certify that I caused to be served on this date a hard copy of the attached Brief of Appellant via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

TODD K. HINKLEY, ESQ.
United States Attorney's Office
235 N. Washington Ave., Ste. 311
Scranton, PA  18501
*todd.hinkley@usdoj.gov*
Tel. No. 570-348-2800
*Attorney for Appellee,*
*United States of America*

MR. DARIAN TENSLEY
Reg. No. 41138-018
USP McCreary
PO Box 3000
Pine Knot, KY  42635
*Appellant*

/s/ *Ronald A. Krauss*
Ronald A. Krauss, Esq.
Asst. Federal Public Defender

Date:  October 31, 2016