UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

APPEAL NO.   16-3068

UNITED STATES OF AMERICA
Appellee

v.

DARIAN TENSLEY
Appellant

APPEAL FROM JUDGMENT OF ENTERED IN THE
UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA ON JUNE 15, 2016,
CRIMINAL NO. 3:CR-15-108
(MUNLEY, J.)

BRIEF OF APPELLEE

BRUCE D. BRANDLER
United States Attorney

TODD K. HINKLEY
Assistant U.S. Attorney
309 Federal Building
Scranton, PA   18501
(570) 348-2800
Attorneys for Appellee

# TABLE OF CONTENTS

Table of Authorities ................................................................................... ii

Statement of Subject Matter and Appellate Jurisdiction ........................ 1

Statement of the Issue and the Standard of Review ............................... 2

Statement of the Case ............................................................................ 3

Statement of Related Cases and Proceedings ......................................... 7

Summary of Argument ............................................................................ 8

Argument ............................................................................................... 10

> The district court properly imposed a two-level sentencing enhancement to the defendant's offense level, pursuant to U.S.S.G. 2A2.4 (b)(2), because Corrections Officer Siedel sustained bodily injury as a result of Tensley's assault.

Conclusion ............................................................................................. 14

Certification .......................................................................................... 15

Certificate of Service ........................................................................... 16

# TABLE OF AUTHORITIES

## CASES

United States v. Greene, 964 F.2s 911 (9th Cir. 1992)............................ 13

United States v. Grier, 475 F.3d 556 (3d Cir. 2007)................................. 2

United States v. Hamm, 13 F.3d 1126 (7th Cir. 1994)............................ 12

United States v. Lister, 229 Fed. App'x 339 (3d Cir. 2007)................... 14

United States v. Little, 472 Fed. App'x 129 (3d Cir. 2012) ................... 12

United States v. Meijia-Canales, 467 F.3d 1280 (10th Cir. 2006)..... 10, 11

United States v. Perkins, 132 F.3d 1324 (10th Cir. 1997) .................... 12

United States v. Washington, 500 Fed. App'x 279 (5th Cir. 2012) ........ 12

United States v. Wong, 3 F.3d 667 (3d Cir. 1993) ................................ 13

## STATUTES

18 U.S.C. §111 ............................................................................................ 3

18 U.S.C. §3231 ......................................................................................... 1

18 U.S.C. § 3742 ........................................................................................ 1

28 U.S.C. § 1291 ........................................................................................ 1

## GUIDELINES

U.S.S.G. §1B1.1 ....................................................................................... 10

U.S.S.G. §2A2.(b)(3)(A) ..................................................................... 12, 13

U.S.S.G. §2A2.4(b)(2) .............................................................. 2, 3, 6, 8, 9

U.S.S.G. §2B3.1(b)(3)(A) ......................................................................... 12

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The United States District Court for the Middle District of

Pennsylvania had subject matter jurisdiction pursuant to 18 U.S.C. §

3231.    This Court has appellate jurisdiction pursuant to 28 U.S.C. §

1291 and 18 U.S.C. § 3742(a).

The district court entered its judgment on June 15, 2016, and

Tensley timely filed his notice of appeal on July 6, 2016.[1]   (App. 1 &

3.)    Based upon the timely filing of a notice from the order of

judgement in a criminal case, this Court has jurisdiction over this

matter under 28 U.S.C. § 1291.    In addition, the Court has

jurisdiction pursuant to 18 U.S.C. § 3742 to review the sentence

imposed on the defendant.

---

[1] Appellant Tensley reportedly mailed a request to counsel to file a
notice of appeal on June 22, 2016.    Counsel received Tensley's letter on
July 5, 2016 (*see* App. 3), and then counsel filed a formal notice of
appeal on July 6, 2016. (*See* App. 1.)

1

## STATEMENT OF THE ISSUES AND THE
## STANDARD OF REVIEW

      I.  Did the district court properly apply a two-level sentencing enhancement to the defendant's offense level, pursuant to U.S.S.G. §2A2.4(b)(2), because Corrections Officer Siedel sustained bodily injury as a result of Tensley's assault?

      II.  Did the district court properly apply multiple enhancements to the defendant's offense level even though such application referenced the same conduct?

This Court exercises plenary review of an interpretation of the

Sentencing Guidelines, and reviews factual findings for clear error.

*United States v. Grier,* 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

## STATEMENT OF THE CASE

A.   *Procedural History*

On June2, 2015, a federal grand jury sitting in Scranton,

Pennsylvania, on June 2, 2015, returned an indictment charging

Appellant, Darian Tensley (hereinafter Tensley) with assault on a

federal corrections officer in violation of Title 18, United States Code,

Sections 111(a) and (b). (App. 15-16.)   On June 15, 2016, Tensley

entered a guilty plea, and was immediately sentenced upon motion of

the parties. (App. 19 – 54.)   A presentence investigative report was

prepared by the United States Probation Office in anticipation of the

guilty plea and immediate sentencing.   (App. 35.)   Prior to sentencing

Tensley noted an objection in regards to a two-level enhancement found

by the probation department as the result of findings that Corrections

Officer James Siedel sustained bodily injury in accord with U.S.S.G.

§2A2.4(b)(2).   *Id.*   After taking testimony from Officer Siedel and

viewing photographs of the victim's injuries, the district court overruled

Tensley's objection. (App. 46.)   Tensley was sentenced at the bottom of

the applicable sentencing guideline range to a term of 33 months of

imprisonment consecutive to the sentence he was serving at the time of the incident, a concurrent three-year term of supervised release, no fine, and to pay a special assessment of $100.  *Id.*  Tensley filed a timely appeal.

## B.    Statement of the Facts

On August 14, 2013, Corrections Officer James Siedel was in the
food service area at the Federal Correction Institute in Schuylkill
conducting random pat-down searches of inmates when he encountered
the appellant, Darian Tensley. (App. 29.)    Officer Siedel attempted to
search Tensley, and was kneeling down behind him patting him down
when the inmate quickly turned around and punched the officer in the
face.    *Id.*    In addition to receiving lacerations to both his lips and
bleeding from his nose, Officer Siedel injured his elbow from landing on
the floor while attempting to control Tensley after being punched in the
face. (App. 38.)    Photographs of the officer's injuries were taken at the
institution, which show that he was bleeding from his mouth, nose, and
ring finger. (App. 56.)    These injuries were very painful, and Officer
Siedel sought medical attention at a hospital emergency room as a
result of the assault. (App. 38 – 39.)    The emergency room doctors x-
rayed Officer Siedel's elbow area, examined his oral lacerations, and
tested his teeth to make sure that they had not been knocked loose
during the assault. *Id.*    By the time Officer Siedel was being examined

at the hospital emergency room he was experiencing a headache, which would go on to last for three days. (App. 39 – 40.)   The day after the assault Officer Siedel lips were sufficiently swollen that he could not move them nor smile. (App. 40.)   Although he returned to work the day after the assault, Officer Siedel experienced psychological difficulty dealing with the aftermath of the assault.   *Id.*

### c. Sentencing

A presentence investigative report was generated by the United States Probation Office in anticipation of Tensley's unified guilty plea and sentencing hearing. (App. 19.)   Tensley's sole objection to the guideline calculation was an enhancement of two levels for infliction of bodily injury on the victim of his assault pursuant to U.S.S.G. §2A2.4(b)(2). *Id.*   After taking testimony and viewing exhibits presented by the government, the district court overruled the objection and sentenced Tensley to the bottom of the applicable sentencing guideline range of 33 to 41 months' imprisonment.   (App. 46 – 53.)

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Counsel for the United States is not aware of any other case or proceeding, contemplated or pending before this Court or any other court or agency, state or federal, which is in any way related to the instant case.

## SUMMARY OF ARGUMENT

The district court did not err in imposing a two-level bodily injury enhancement under Section 2A2.4(b)(2).   That enhancement applies where the defendant's assault resulted in an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.   This plainly occurred in this case, where Officer Siedel's injuries were very painful and obvious, resulted in a visit to an emergency room, necessitated x-rays, caused a lingering headache for three days, and resulted in psychological stress to the victim.   The plain language of the guidelines and the case law support the application of the enhancement in these circumstances.

Regarding the application of multiple enhancements, there is no such thing as "double counting" where multiple guideline provisions are applied to the same act, unless guidelines explicitly bar dual application.

8

## ARGUMENT

I.  The district court properly applied a two-level sentencing enhancement to the defendant's offense level, pursuant to U.S.S.G. 2A2.4 (b)(2), because Corrections Officer Siedel sustained bodily injury as a result of Tensley's assault.

The probation officer determined that U.S.S.G. §2A2.4(b)(2) was applicable to Tensley's offense because Officer Siedel sustained: (1) lacerations to his interior lower lip and left elbow; (2) contusions to the base of his left ring finger and upper and lower lips; (3) a bloody nose and mouth area; and was instructed to follow-up with a local hospital by medical personal at FCI Schuylkill.   (PSR §§ 5 and 15)2   In his objection to the PSR and at sentencing, Tensley challenged application of that adjustment on the ground that Officer Siedel's injuries were not sufficiently serious to qualify as "bodily injury."   *Id.; see also* (App. 44 – 45.)   The district court overruled Tensley's challenge on the ground that the evidence of Officer Siedel's injuries undoubtedly qualified as "bodily injury" as that term is defined in U.S.S.G §1B1.1 (App. 46.)

---

2 "PSR" refers to Presentence Investigative Report, filed under seal by Appellant.

On appeal, Tensley repeats the substance of his objection at sentencing and argues that the record fails to establish that Officer Siedel's injuries were sufficiently sever to qualify as "bodily injury." (Appellant's br., 10 – 12.)   In support of his argument, he cites to *United States v. Mejia-Canales,* 467 F.3d 1280 (10th Cir. 2006).   *Id.*   In *Mejia-Canales,* 467 F.3d at 1281, the Tenth Circuit considered whether a defendant who punched a federal prison officer twice had inflicted bodily injury.   Although the PSR noted that the officer had sustained a small cut on the inside of his mouth and a red mark on his forehead, there was no medical evidence offered to document those injuries, no evidence as to whether the officer had experienced any pain, and no evidence of any lingering effects or subsequent treatment.   *Id.*   The Tenth Circuit held that the district court committed clear error in applying that adjustment for "bodily injury" because the record did not contain sufficient evidence regarding those injuries.   *Id.* at 1285.

Unlike *Mejia-Canales,* the record in this case contains ample evidence documenting Officer Siedel's injuries and medical treatment. *See* App. 37 – 43.   Officer Siedel testified and indicated that after being

10

punched in the face by Tensley both of his lips were cut, and that he was bleeding from his nose. (App. 38.) These injuries were obvious and well documented by photographs taken just after the assault by prison officials. (App. 56.) He also hurt his elbow when he landed on it while wrestling with Tensley. *Id.* The injuries were very painful, and as a result he sought medical treatment at an area hospital. (App. 38 – 39.) Doctors x-rayed his elbow, examined his mouth injuries, and checked his teeth to make sure that they were not knocked loose during the assault. (App. 39.) By the time he got to the hospital, Officer Siedel was experiencing a headache. *Id.* He took over-the-counter medication, yet continued to feel pain for three days after being punched in the face by Tensley. *Id.* When Officer Siedel returned to work the day after the assault, his lips were swollen to the point that he could not smile, nor even move them. (App. 40.)

This Court, as well as other circuits, have held that similar injuries qualified as "bodily injury" for purposes of the Guidelines. *See e.g., United States v. Little,* 472 Fed. App'x 129, 132 (3rd Cir. 2012)(not precedential)(affirming U.S.S.G. §2B3.1(b)(3)(A) adjustment based on

11

abrasion and discoloration injuries to arm sustained by customer who fell to the floor when defendant grabbed him as the customer tried to flee the store); *United States v. Washington,* 500 F. App'x 279, 283-84 (5th Cir. 2012)(not precedential)(affirming U.S.S.G. §2A2.2(b)(3)(A) adjustment based on single punch to victim's nose and closed fist despite victim's refusal to seek medical treatment); *United States v. Lister,* 229 F. App'x 334, 339-41 (5th Cir. 2007)(not precedential) (affirming U.S.S.G. §2A2.2(b)(3)(A) adjustment based on cuts, bruises, lumps, dizziness, and ankle pain for which victim did not seek immediate medical attention); *United States v. Perkins,* 132 F.3d 1324, 1326 (10th Cir. 1997)(affirming U.S.S.G. §2B3.1(b)(3)(A) adjustment based on small laceration, bruising, neck pain, and shoulder pain); *United States v. Hamm,* 13 F.3d 1126, 1127-28 (7th Cir. 1994)( affirming U.S.S.G. §2B3.1(b)(3)(A) adjustment because the victim suffered bumps and bruises and had "the wind knocked out of him"); *United States v. Greene,*964 F.2d 911, 911-12 (9th Cir. 1992)(affirming U.S.S.G. §2B3.1(b)(3)(A) adjustment because the defendant slapped a bank teller twice on her face causing a swollen check and continuing pain).   Given

12

the evidence in the record regarding Officer Siedel's injuries, the district
court's finding that Officer Siedel suffered bodily injury was not clearly
erroneous.

### II.  The district court properly applied multiple enhancements to the defendant's offense level even though such application referenced the same conduct.

While not set out as a separate argument in his brief, Tensley
suggests that he should not receive a two-level enhancement for bodily
injury where the same conduct of physical contact was accounted for by
application of a three-level enhancement under U.S.S.G.
§2A2.4(b)(1)(A).   Appellant's br., at 9.   This Court has long held that
there is no such thing as "double counting" where multiple guideline
provisions are applied to the same act, unless guidelines explicitly bar
dual application.   *See United States v. Wong,* 3 F.3d 667, 670 (3d Cir.
1993) "Only when the Guidelines explicitly prohibit double counting will
it be impermissible to raise a defendant's offense level under one
provision when another offense Guideline already takes into account
the same conduct."   *Id.* at 671.

13

## CONCLUSION

For all of the reasons stated above, the United States of America

respectfully requests that judgment of the district court be affirmed.

Respectfully submitted,

BRUCE D. BRANDLER
United States Attorney

/s/ Todd K. Hinkley
TODD K. HINKLEY
Assistant U.S. Attorney
PA 68881
P.O. Box 309
Scranton, PA 18501
(570) 348-2800
(570) 348-2830
todd.hinkley@usdoj.gov

Date: November 21, 2016

14

<u>CERTIFICATE OF BAR MEMBERSHIP</u>

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

<u>/s/ Todd K. Hinkley</u>
TODD K. HINKLEY
Assistant U.S. Attorney

<u>RULE 32 CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Federal Appellate Rule of Procedure 32 (a)(7)(c), that this brief contains no more than 14,000 words. Specifically, this brief contains 2,506 words.

<u>/s/ Todd K. Hinkley</u>
TODD K. HINKLEY
Assistant U.S. Attorney

<u>IDENTICAL PDF & HARD COPY CERTIFICATE</u>

The undersigned hereby certifies that the PDF file and Hard copies of this brief are identical.

<u>/s/ Todd K. Hinkley</u>
TODD K. HINKLEY
Assistant U.S. Attorney

<u>VIRUS SCAN CERTIFICATE</u>

This e-mail and the attached brief has been automatically scanned during preparation and upon sending by the following virus detection programs: Office Protect/Inoculan, ScanMail, and Viruswall, and no viruses were detected.

<u>/s/ Todd K. Hinkley</u>
TODD K. HINKLEY
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on November 21, 2016 she served copies of the attached:

### BRIEF OF APPELLEE

by placing two (2) copies in a postpaid envelope addressed to the persons hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, Pennsylvania:

RONALD A. KRAUSE,
Assistant Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101

Gwyneth P. Williams
Gwyneth P. Williams
Legal Assistant
